

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# USA v. Guido

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Guido" (2008). *2008 Decisions*. Paper 910.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/910

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4156/07-4331
_____

UNITED STATES OF AMERICA

v.

GREGORY P. GUIDO,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00460)
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2008

Before:   FISHER, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed: July 2, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

## I.      Introduction

Gregory P. Guido was charged with conspiracy to possess stolen goods, in

violation of 18 U.S.C. §§ 659 and 371, and theft of an interstate and foreign shipment of

freight, in violation of 18 U.S.C. §§ 659 and 2. The charges arose from a scheme in which Guido bought cases of stolen shrimp from a co-defendant and then re-sold them for profit. He pled guilty to the conspiracy count, pursuant to a plea agreement. On September 30, 2004, the United States District Court for the District of New Jersey sentenced him to a term of eight months' imprisonment and three years' supervised release (the "initial sentence"). Guido was charged in a Petition with violating the terms of his supervised release by, among other things, failing to report to his probation officer and failing to make child support and restitution payments. Guido admitted only to failing to report, and the remaining allegations were dismissed. As a result, on November 13, 2007 the District Court sentenced him to eleven months' imprisonment and two years' supervised release (the "revocation sentence"). Guido appeals the reasonableness of both the initial sentence and the revocation sentence. We will affirm.[1]

## II.     Discussion

*A.     Guido's appeal of the initial sentence imposed by the District Court*

Guido argues that the initial sentence imposed by the District Court was unreasonable. Defense counsel filed a brief, pursuant to *Anders v. California*, 386 U.S.

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "[A]n appellate court reviews a sentence for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). We "must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

738 (1967), with respect to the initial sentence, acknowledging that there are no non-frivolous issues for appeal. Following our independent review of the record, we agree. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Guido pled guilty and voluntarily waived his right to appeal. Nothing about his initial sentence can rightly be called an abuse of the District Court's discretion. Because Guido's appeal lacks legal merit,[2] the judgment of conviction and sentence entered on September 30, 2004 will be affirmed and defense counsel's motion to withdraw will be granted.[3]

B.      *Guido's appeal of the revocation sentence imposed by the District Court*

Guido also argues that the revocation sentence imposed by the District Court was unreasonable. He says that the District Court abused its discretion by focusing "solely on [his] past conduct while ignoring the minor nature of his violation and dismissing other § 3553(a) factors as irrelevant."[4] (Appellant's Br. at 20.)

Guido's arguments are unpersuasive. During sentencing, the District Court said:

> In considering the 3553(a) factors, one goes back to the original offense. And with respect to that, Mr. Guido's role was relatively minor. ... So insofar as the previous offense is concerned, it doesn't have a degree of seriousness that bears on the sentencing for the violation of supervised release which is at issue in this case. ...

---

[2]We have considered Guido's *pro se* arguments and conclude that they too lack merit.

[3]Defense counsel filed a motion to withdraw on May 11, 2007 and supplemented it on February 19, 2008.

[4]Guido properly recognizes that the policy statements set forth in Chapter 7 of the Sentencing Guidelines apply when determining a sentencing range based on violations of supervised release. (Appellant's Br. at 19.)

The thing that matters, that concerns me, is the record and past conduct of Mr. Guido. He was never married ... he has fathered three children, two from a 13-year relationship with Jackie [], and one from a more recent relationship with Margaret []. He's been violent towards both these women ... [.] [S]entenc[ing] was delayed from 2004 because of his confinement ... for failure to pay support ... . The criminal record reflected in the presentence report is extensive, and at the time of his original sentence, there were pending against him an extraordinary number of charges ... .

I'm not inclined to think that a lengthy prison term would contribute to Mr. Guido's education, training or rehabilitation. But one can always hope for that result. But it would serve the purpose of protecting the public for at least a period of time.

Therefore, I think it's appropriate to sentence Mr. Guido at the top of the guideline range. That will serve the ... goal of uniformity of sentencing under the guidelines, and I think will have a deterrent effect on Mr. Guido ... and would serve to protect the public for a period of time while he is away. Further, there will be a term of supervised release which would give the opportunity to continue to monitor his conduct and take further action if the prison term does not have the desired effect.

(Appendix in No. 07-4311 at 34-36.)

The revocation sentence imposed by the District Court was at the top of the advisory Guidelines range and, as we have noted, "[a] sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006). Further, the record reflects that the District Court carefully considered and weighed the relevant sentencing factors. That the Court chose to give more weight to Guido's past criminal history than to the nature of his violation does not constitute an abuse of discretion. We conclude that the revocation sentence is reasonable, and we will therefore affirm it.

4

**III. Conclusion**

For the foregoing reasons, we will affirm the judgment of conviction and sentence entered on September 30, 2004 and the judgment of conviction for violation of supervised release and sentence entered on November 13, 2007. Defense counsel's May 11, 2007 motion to withdraw will be granted.